IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

David Scott Goldstein,                  )    Civil Action No.: 6:16-cv-00879-TMC-KFM
                                        )
                    Petitioner,         )
                                        )
        vs.                             )    **REPORT AND RECOMMENDATION**
                                        )    **OF MAGISTRATE JUDGE**
Center for Disease Control,             )
                                        )
                    Respondent.         )
                                        )

        The petitioner brought this action *pro se*, seeking relief pursuant to 28 U.S.C.
§ 2241 (doc. 1).  On March 23, 2016, the undersigned issued an order requiring the
petitioner to bring the case into proper form by submitting an application to proceed *in
forma pauperis* or pay the filing fee and answering the court's special interrogatories (doc.
5).  The petitioner was advised that his case may be subject to dismissal if he failed to
comply with the order (*id.*).  Despite this explanation, the petitioner failed to respond to the
order.

        Based on the foregoing, it appears the petitioner no longer wishes to pursue
this action.  "The Federal Rules of Civil Procedure recognize that courts must have the
authority to control litigation before them, and this authority includes the power to order
dismissal of an action for failure to comply with court orders."  *Ballard v. Carlson*, 882 F.2d
93, 95 (4th Cir. 1989) (citing Fed. R. Civ. P. 41(b)).  "Federal courts possess an inherent
authority to dismiss cases with prejudice *sua sponte*."  *Gantt v. Md. Div. of Corr.*, 894 F.
Supp. 226, 229 (D. Md. 1995) (citing *Link v. Wabash R. Co.*, 370 U.S. 626 (1962); *White
v. Raymark Indust., Inc.*, 783 F.2d 1175 (4th Cir. 1986); *Zaczek v. Fauquier Cnty., Va.*, 764
F. Supp. 1071, 1074 (E.D. Va.1991)).

The Fourth Circuit, in *Davis v. Williams*, recognizing that dismissal with prejudice is a harsh sanction that should not be invoked lightly, set forth four factors for determining whether Rule 41(b) dismissal is appropriate:

(1) the degree of personal responsibility on the part of the plaintiff;

(2) the amount of prejudice to the defendant caused by the delay;

(3) the presence or absence of a drawn out history of deliberately proceeding in a dilatory fashion; and

(4) the effectiveness of sanctions less drastic than dismissal.

588 F.2d 69, 70 (4th Cir. 1978) (citing *McCargo v. Hedrick*, 545 F.2d 393, 396 (4th Cir. 1976)).  Subsequently, however, the Fourth Circuit noted that "the four factors . . . are not a rigid four-pronged test," and whether to dismiss depends on the particular circumstances of the case.  *Ballard*, 882 F.2d at 95.  For example, in *Ballard*, the court reasoned that "the Magistrate's explicit warning that a recommendation of dismissal would result from failure to obey his order is a critical fact that distinguishes this case from those cited by appellant. . . .  In view of the warning, the district court had little alternative to dismissal. Any other course would have placed the credibility of the court in doubt and invited abuse."  *Id.* at 95–96.

Because the petitioner is proceeding *pro se*, he is personally responsible for his failure to file a response.  The petitioner has had more than one month to comply with this court's order.  However, the petitioner has failed to comply.  Because the petitioner has already ignored court orders and deadlines, sanctions less drastic than dismissal would not be effective.

Wherefore, based upon the foregoing, the court recommends the case be

DISMISSED pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO RECOMMENDED.

s/Kevin F. McDonald
United States Magistrate Judge

May 11, 2016
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
300 East Washington Street
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).